IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ROBERT VILLARREAL, et al.,

Plaintiffs,

v.

FORD MOTOR COMPANY, et al.,

Defendants.

Case No. 19-cv-05837-MMC

**ORDER GRANTING PLAINTIFFS' MOTION TO REMAND; REMANDING CASE TO STATE COURT; VACATING HEARING**

Before the Court is plaintiffs' Motion to Remand, filed December 13, 2019, by which motion plaintiffs seek an order remanding the above-titled action to state court, based on lack of diversity jurisdiction. Defendants have filed opposition, to which plaintiffs have replied. Having read and considered the papers filed in support of and in opposition to the motion, the Court deems the matter appropriate for decision on the parties' respective written submissions, VACATES the hearing scheduled for January 17, 2020, and rules as follows:

1. Defendants have failed to show defendant Jim Burke Ford ("Jim Burke") has been fraudulently joined. See Hunter v. Philip Morris USA, 582 F.3d 1039, 1046 (9th Cir. 2009) (holding "if there is a possibility that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper"). Contrary to defendants' argument, plaintiffs' claim against Jim Burke is not necessarily barred by either the economic loss rule, see Jimenez v. Superior Court, 29 Cal. 4th 473, 483 (2002) (holding "the economic loss rule does not necessarily bar recovery in tort for damage that a defective product . . . causes to other portions of a larger product . . . into which the former has been incorporated"), or the

statute of limitations, see Fox v. Ethicon Endo-Surgery, Inc., 35 Cal. 4th 797, 807 (2005) (noting delayed discovery "postpones accrual" of cause of action until plaintiff discovers, or has reason to discover it); see also Grancare, LLC v. Thrower by & through Mills, 889 F.3d 543, 550 (9th Cir. 2018) (finding remand appropriate where "a deficiency in the complaint can possibly be cured by granting the plaintiff leave to amend").

2.  Defendants' argument that the Court should exercise its discretionary power to sever Jim Burke pursuant to Rule 21 of the Federal Rules of Civil Procedure is not persuasive.  In particular, the Court finds "the claims against both defendants are sufficiently intertwined, factually and legally, that severance would be inconvenient and inefficient."  See Madison v. Ford Motor Co., No. 2:19-CV-00853-WBS, 2019 WL 3562386, at *4 (E.D. Cal. Aug. 6, 2019) (declining to sever nondiverse dealership where plaintiffs asserted negligent repair claim against dealership and breach of warranty claims against manufacturer).

## CONCLUSION

For the reasons stated above, plaintiffs' motion to remand is hereby GRANTED, and the above-titled action is hereby REMANDED to the Superior Court of California, in and for the County of Santa Clara.

**IT IS SO ORDERED.**

Dated: January 10, 2020

MAXINE M. CHESNEY
United States District Judge